**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph F. WALKER, Jr., a/k/a Bobby
Allen, Defendant–Appellant.**

**No. 87–3927.**

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1988.

---

Robert Abdalian, New Orleans, La. (court-appointed), for defendant-appellant.

Thomas C. Muehleck, Lance M. Africk, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

Joseph Walker appeals from his conviction on two counts of federal violations on the grounds that the jury was not adequately instructed on the presumption of innocence. Because we determine that Walker's due process rights have not been violated, we affirm.

I. FACTS AND PROCEDURAL HISTORY

On December 5, 1986, Joseph Walker (alias Bobby Allen) was indicted in the Eastern District of Louisiana. Count I charged the defendant with stealing 42,000 pounds of interstate coffee, and Count II charged the defendant with transporting the coffee in interstate commerce knowing the coffee to be stolen in violation of 18 U.S.C. § 2314. The jury found Walker guilty on both counts, and he was sentenced concurrently to six years on each count.

The facts established at trial indicate that on June 17, 1986, using the Allen alias, Walker went to Caravan Express Trucking Company in order to arrange for a load to deliver. He was assigned a cargo of Hills Brothers Coffee valued between $67,000 and $90,000. The next day both a Hills Bros. representative and "Allen" signed the bill of lading signifying that the driver received the load. This was the only load shipped out on that day on a Caravan truck from the Hills Bros. Warehouse on Chef Menteur Highway in New Orleans. The Hills Bros. supervisor spoke with Walker as the truck was being loaded, and later identified Walker for the FBI. On the same day, Walker called Caravan's secretary and told her he was loaded.[1]

On the 19th, Walker called Caravan from Arkansas and complained to the dispatcher that he would drop the load if he did not receive more money. The dispatcher also identified Walker.[2] At trial, Walker testified that while he represented that he was in Arkansas, in fact he was in Louisiana.

The coffee never arrived at its intended destination at the Dry Storage Warehouse in Des Plaines, Illinois. There was no inbound freight delivered by a Bobby Allen to that destination. The Hills Bros. freight payment manager in San Francisco, Gary Kennon, testified that he never received a bill for that load of coffee from Caravan Express or from Dry Storage Warehouse. Kennon also testified that there were no records of any disbursements made from that load, presumably because the load was never received.

At trial, Walker testified in his own defense. He admitted contracting with Caravan under the alias "Bobby Allen," and he admitted signing for the coffee. He also stated that he lied when he told Caravan officials that he was in Arkansas with truck trouble. He admitted some prior convictions. However, he also testified that he did not transport the coffee, but subleased it to another independent trucker.

The jury found the defendant guilty on both counts. Walker appeals on the ground that the jury was not adequately instructed on the presumption of innocence. The district court instructed the jury using the standard Fifth Circuit Pattern Jury Charge.[3]

## II. APPLICATION OF THE "PLAIN ERROR" STANDARD

Walker admits in his brief that the evidence is sufficient to uphold the jury verdict under *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).[4] Walker argues, however, that the evidence was close, and that the jury would have viewed it differently had they

> understood that the defendant is presumed innocent throughout the deliberations, i.e., the presumption of innocence remained with the defendant even as the judge instructed the jury and, beyond, into the jury room—unless and until the jury became convinced that Mr. Walker was guilty beyond a reasonable doubt.

Walker Brief at 5.

At the outset, we note that defense counsel raised no objection to the instruction at trial. Consequently, this Court must review the judgment under the "plain error" standard. Fed.R.Crim.P. 52(b); *United*

---

1. Prior to the trial, the secretary identified a picture of Walker for the FBI; she also identified him at trial.

2. The dispatcher selected Walker's picture from a group shown to him by the FBI on July 29, 1986. At trial, the dispatcher identified Walker as the Bobby Allen he saw in the Caravan Express office on June 17, 1986.

3. The pattern jury instruction on the presumption of innocence reads as follows:
   The indictment or formal charge against a Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

4. "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser*, 315 U.S. at 80, 62 S.Ct. at 469. An examination of the evidence introduced at trial leads us to agree with Walker's assessment.

*States v. Fernandez*, 496 F.2d 1294 (5th Cir.1974). To warrant reversal, the error must be both prejudicial and clear, as well as affect substantial rights of the defendant.

It is clear that the giving of the instruction, particularly in light of the entire charge, did not constitute plain error. This Court has stated that

> [a] failure to give a requested instruction on the presumption of innocence.... must be evaluated in light of the totality of the circumstances—including the instructions to the jury, the arguments of counsel, whether the weight of evidence was overwhelming, and other relevant factors.

*United States v. Ruppel*, 666 F.2d 261, 274 (5th Cir.1982) (citing *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 2090, 60 L.Ed.2d 640 (1979)).

Here, the issue is not the failure to give a requested instruction, but the adequacy of the instruction given. No greater standard than that set out in *Ruppel* is required. Plain error does not exist when the relevant factors are considered. For example, the charge as a whole indicates that the presumption of innocence exists and that the Government has the burden of proof.[5] Furthermore, the defense counsel argued the presumption to the jurors, and the evidence was sufficient to convict.

The Eighth Circuit faced a similar dilemma in *United States v. Hollister.*[6] In *Hollister*, the court determined that the defendant was not denied his due process rights when the pattern jury charge for the Fifth Circuit was used. The *Hollister* court, applying the plain error doctrine, noted that, under the totality of the circumstances, the defendant's rights were not violated where the defendant's "counsel ar-

gued adequately [his] defense, and the prosecutor did not attempt to make improper arguments to the jury ... the weight of the evidence against [him] was strong; a jury could reasonably have found that defendant" was guilty. *Id.* at 424.

Like the defendant in *Hollister*, Walker has not suffered a blow to his due process rights. The pattern jury instruction on the presumption of innocence which is used in this Circuit is clearly sufficient when examined under the plain error standard. The relevant factors are such that we determine that substantial rights of Walker have not been offended.

## III. THE INSTRUCTION ON THE PRESUMPTION OF INNOCENCE

Although the case *sub judice* may be decided under the plain error doctrine, we take this opportunity to address the adequacy of the instruction that was given. The instruction, taken from the Fifth Circuit's Pattern Jury Instructions, reads as follows:

> The indictment or formal charge against any defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a defendant guilty beyond a reasonable doubt, if it fails to do so you must find the defendant not guilty.

This instruction has received criticism from both courts and commentators. In *Hollister*, the Eighth Circuit urged trial courts to use an instruction stressing that the defendant starts a trial with a clean slate, and that this slate does not become marred unless or until the Government meets its burden.[7] Consistently, commen-

---

5. Record Vol. 1 at 56–69.

6. 746 F.2d 420 (8th Cir.1974).

7. The Eighth Circuit urges the use of the instruction set out in E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions*, § 11.14 (3d Ed. 1977). The instruction reads as follows:
   The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate"—

with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

tators have suggested that an instruction on the presumption of innocence should inform the jury that, unless the Government proves the defendant's guilt beyond a reasonable doubt, the presumption alone mandates acquittal.[8]

The genesis of the concern over the adequacy of the instruction on the presumption may be traced to the realization that jurors frequently do not fully comprehend instructions read to them.[9] Recently, the Federal Judicial Center, in the commentary accompanying the committee's proposed instruction, noted that "the committee believes that it is important to plant the presumption in the jurors' minds so that there will be no confusion during the course of the trial."[10] Acting toward this goal of eliminating confusion, some commentators have suggested adopting affirmative language. The use of the phrase "I instruct you" rather than "the law states" more firmly impresses on the jurors that they are to keep the presumption of innocence in their collective mind throughout the course of the deliberations.[11]

The Supreme Court, commenting on the need for an instruction on the presumption of innocence, stated that "[w]hile the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen well may draw significant additional guidance from an instruction on the presumption of innocence."[12] The Court, in noting the need for clearly directing the jurors' task in those cases in which due process concerns mandate the inclusion of an instruction on the presumption, indicated that the instruction urged in *Hollister* was well-suited "to forestalling the jury's consideration of extraneous matters."[13]

This Court also notes that the instructions suggested by commentators and widely used in other circuits go further toward protecting the due process rights of defendants than the instruction which was used in the instant case. We urge the use of instructions which clearly describe the jurors' task, in those cases requiring an instruction on the presumption of innocence.[14]

---

8. The Ninth Circuit pattern instruction notes that "[t]he defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.... If [the government] fails [to meet its burden], you must return a not guilty verdict." More strongly emphasizing the character of the "clean slate" idea, the Seventh Circuit's pattern instruction reads as follows:

> The defendant is presumed to be innocent of the charge. This presumption remains with the defendant throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

9. Studies have shown that jurors understand about 50 percent of the instructions read to them. Lafave & Israel, *Criminal Procedure* § 23.6 (1984).

10. Federal Judicial Center, *Pattern Criminal Jury Instructions*, p. 6 (1987). The commentary on the suggested introductory language to the charge notes that "throughout this instruction, the presumption of innocence element is stressed." *Id.*

11. Sand, Siffert, Loughlin & Reiss, *Modern Federal Jury Instructions (Criminal)* § 4.01.

12. *Taylor v. Kentucky*, 436 U.S. 478, 484, 98 S.Ct. 1930, 1934, 56 L.Ed.2d 468 (1978). In *Taylor*, the Court determined that the defendant's due process rights had been violated when a requested instruction on the presumption was not given. *Cf.*, *Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979).

13. *Taylor*, 436 U.S. at 488 n. 16, 98 S.Ct. at 1936 n. 16. The *Hollister* instruction is set out in footnote 7. The Supreme Court, in *Taylor*, also made clear its holding should not be interpreted as approval of that instruction.

14. Although by no means mandating the use of the following instruction, we note that it includes those qualities appearing in other circuits' instructions and in treatises which go far toward assuring that due process has been served:

> The defendant has been charged by the government with violation of a federal law. He is charged with _____. The indictment is simply the description of the charge made by the Government against the defendant; it is not evidence of his guilt. The law presumes the defendant innocent. The presumption of innocence means that the defendant starts the trial with a clean slate. In other words, I instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever,

## IV. CONCLUSION

The jury which convicted Walker was instructed on the presumption of innocence. Although the instruction did not explain the presumption in clear enough terms to absolutely assure the jurors' understanding, when read in the context of the entire charge, the instruction was sufficient. Because no objection was voiced at trial, this Court reviews the conviction under the plain error standard. In this case, the evidence was sufficient to convict, counsel argued the presumption to the jury, and the charge, taken as a whole, adequately instructed the jury on the presumption of innocence and the government's burden of proof. Walker's due process rights were not violated, and the judgment is

AFFIRMED.

you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the defendant is guilty, the presumption alone is sufficient to find the defendant not guilty.