Melvin Chad **MAHORNEY,**
Petitioner–Appellant,

v.

Ted **WALLMAN,** Respondent–Appellee.

No. 89–5032.

United States Court of Appeals,
Tenth Circuit.

Oct. 24, 1990.

Melvin C. Mahorney, pro se.

Robert H. Henry, Atty. Gen. of Oklahoma, Elizabeth J. Bradford, Asst. Atty. Gen., Oklahoma City, Okl., for respondent-appellee.

Before SEYMOUR, BRORBY and EBEL, Circuit Judges.

PER CURIAM.

Petitioner appeals from a district court order denying his 28 U.S.C. § 2254 petition challenging a 1980 Oklahoma conviction of first degree rape after former conviction of two felonies (arson and feloniously pointing a weapon). *See* Okla.Stat. tit. 21, § 1114 (1971) and tit. 21, § 51 (Supp.1978). We

consider here [1] only that issue upon which this court previously granted petitioner a certificate of probable cause, *i.e.*, whether the prosecution's comments on the presumption of innocence during the course of petitioner's trial mandate habeas relief. *See* 28 U.S.C. § 2253.

The comments in question were made during voir dire of the jury:

[Mr. Thompson (prosecutor):] ... There's nothing magical about those terms [*i.e.*, "presumption of innocence" and proof "beyond a reasonable doubt"]. The presumption of a person being innocent was designed to protect those persons who are, indeed, not guilty of a crime.

Mr. McCarthy [defense counsel]: To which I object, Your Honor.

The Court: I would overrule that.

Mr. McCarthy: And move that the jury be admonished and move for a mistrial.

The Court: Overruled.

Q. But was not intended to let those who are guilty escape justice.

Mr. McCarthy: Your Honor, may we approach the bench?

The Court: Yes.

(The following proceedings were had out of the hearing of the jury:)

Mr. McCarthy: Your Honor, I want to again renew my objection to Mr. Thompson's argument. I have got a case that I personally tried in front of Judge Graham that was appealed to the Court of Criminal Appeals and they held that argument to be improper and to be error when made by Mr. Lasorsa in a case and I would request that you admonish the jury to disregard it and move for a mistrial based on Mr. Thompson's comment.

The Court: And I would overrule that and give you an exception.

(State trial transcript at 58–59), and during the prosecution's closing argument in rebuttal:

[Mr. Thompson:] I submit to you, under the law and the evidence, that we are in a little different position today than we were when we first started this trial and it was your duty at that time, under the law of this land, as you were being selected as jurors, to actively in your minds presume that man over there not to be guilty of the offense of rape in the first degree, but, you know, things have changed since that time. I submit to you at this time, under the law and under the evidence, that that presumption has been removed, that that presumption no longer exists, that that presumption has been removed by evidence and he is standing before you now guilty. That presumption is not there any more.

Mr. McCarthy: I object to that, Judge.

The Court: Overruled.

Mr. McCarthy: Ask that the jury be admonished and move for a mistrial.

The Court: Overruled.

Mr. McCarthy: Exception.

(State trial transcript at 321).

▋ The district court did not hold, and the state has not maintained, that these remarks were proper.[2] Instead, the district court relied upon a fundamental fairness analysis to conclude that in light of the surrounding circumstances and especially the strength of the prosecution's case, the impropriety involved was not of constitutional magnitude and, therefore,

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. We consider the prosecutor's comments impermissible because they undermined two fundamental aspects of the presumption of innocence, namely that the presumption (1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the *jury's* determination that guilt has been established beyond a reasonable doubt. *See generally United States v. Braxton,* 877 F.2d 556, 562 (7th Cir.1989); *United States v. Jorge,* 865 F.2d 6, 10 (1st Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 1762, 104 L.Ed.2d 198 (1989); *United States v. Walker,* 861 F.2d 810, 813–14 n. 14 (5th Cir. 1988); *Nelson v. Scully,* 672 F.2d 266, 269 (2d Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2301, 73 L.Ed.2d 1304 (1982); *Dodson v. United States,* 23 F.2d 401, 403 (4th Cir.1928).

did not warrant the vacation of petitioner's conviction:

> Improper prosecutorial argument will not warrant federal habeas relief unless the conduct complained of "made [petitioner's] trial so fundamentally unfair as to deny him due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431, 438 (1974). A review of the trial transcripts shows that the evidence against petitioner was overwhelming. In light of the entire proceedings it is clear that the prosecutor's comments in no way rendered petitioner's trial unconstitutional.

Magistrate's recommendation of December 11, 1986, at 3–4, adopted by order of the district court entered December 30, 1988.

We must at the outset draw an important distinction with respect to the *DeChristoforo* fundamental fairness standard that relates directly to the specific concern raised by petitioner. While, ordinarily, claims of prosecutorial misconduct and other trial errors are reviewed on habeas in the manner reflected in the passage quoted above, when the impropriety complained of effectively deprived the defendant of a specific constitutional right, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair. *See DeChristoforo,* 416 U.S. at 643, 94 S.Ct. at 1871 (distinguishing generalized due process claims based upon objectionable prosecutorial comment, to which fundamental fairness analysis applies, from particularized claims that prosecution's remarks infringed upon specific constitutional rights); *see also Darden v. Wainwright,* 477 U.S. 168, 181–82, 106 S.Ct. 2464, 2471–72, 91 L.Ed.2d 144 (1986) (habeas case following *DeChristoforo* and noting that prosecution's objectionable remarks did not "implicate other specific rights of the accused such as the right to counsel or the right to remain silent"); *Coleman v. Saffle,* 869 F.2d 1377, 1395 (10th Cir.1989) (habeas case reviewing prosecutor's objectionable comments only for fundamental unfairness under *DeChristoforo* "because the prosecutor's arguments did not infringe on any specific constitutional right"), *cert. denied,* — U.S. —,

110 S.Ct. 1835, 108 L.Ed.2d 964 (1990); *Clark v. O'Leary,* 852 F.2d 999, 1004–05 (7th Cir.1988) (habeas challenge to limits on defense cross-examination, grounded upon confrontation clause, distinguished from "general improprieties during a state trial [which] are not cognizable unless error resulted in a fundamentally unfair proceeding").

■ Of particular significance in this regard is this court's opinion in *Brinlee v. Crisp,* 608 F.2d 839 (10th Cir.1979), *cert. denied,* 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980), which specifically identified the "constitutionally rooted presumption of innocence" as one of those basic rights whose violation may provide a ground for vacation of a state conviction independent of the more general due process concerns underlying fundamental fairness analysis. *Id.* at 854. *See generally Cool v. United States,* 409 U.S. 100, 104, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972) (referring to "constitutionally rooted presumption of innocence"); *Zygadlo v. Wainwright,* 720 F.2d 1221, 1223 (11th Cir.1983) ("[t]he constitution grants every defendant a presumption of innocence"), *cert. denied,* 466 U.S. 941, 104 S.Ct. 1921, 80 L.Ed.2d 468 (1984). In light of such precedent, our review of petitioner's prosecutorial misconduct claim, which rests squarely upon the presumption of innocence, is not constrained by the fundamental fairness principle recognized in *DeChristoforo.*

Our conclusion on this point is not inconsistent with the holding in *Kentucky v. Whorton,* 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979), that the failure to give a specific charge on the presumption of innocence "does not in and of itself violate the Constitution" in the absence of a finding that such failure, when considered with all other circumstances, rendered the trial fundamentally unfair. *Id.* at 789, 99 S.Ct. at 2090. *Cf. Taylor v. Kentucky,* 436 U.S. 478, 486–88, 490, 98 S.Ct. 1930, 1935–36, 1937, 56 L.Ed.2d 468 (1978) (predecessor to *Whorton* holding that failure to give presumption of innocence instruction gave rise to constitutional error in light of particular exacerbating circumstances presented). It

does not follow that a prosecutorial misstatement affirmatively advising the jury that there is no presumption of innocence requires the same showing of fundamental unfairness that is required to challenge the mere absence of an instruction on the presumption.

A misstatement of law that affirmatively negates a constitutional right or principle is often, in our view, a more serious infringement than the mere omission of a requested instruction. Thus, for example, while a defendant may not be entitled to an instruction defining the fundamental standard of "reasonable doubt," *see, e.g., United States v. Olmstead,* 832 F.2d 642, 645–56 (1st Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1739, 100 L.Ed.2d 202 (1988) and numerous cases cited therein, this court has nevertheless recognized that should such an instruction be given *substantially in error* (viewing the charge as a whole), habeas relief is warranted absent a finding of harmless error. *See also Monk v. Zelez,* 901 F.2d 885, 888–91, 93 (10th Cir.1990).[3] "Because the government's burden of proving guilt beyond a reasonable doubt is one of the fundamental components of due process and the 'cornerstone of the criminal justice system,' an erroneous instruction on this burden requires habeas corpus relief unless it was harmless beyond a reasonable doubt." *Id.* at 888 (citations omitted).[4]

In *Donnelly,* the Supreme Court excepted from the fundamental fairness analysis those cases "in which the prosecutor's remarks *so prejudiced* a specific right … as to amount to a *denial* of that right." 416 U.S. at 643, 94 S.Ct. at 1871 (emphasis added). Thus, the issue is not the undeniably fundamental nature of the presumption of innocence, but rather whether, under the circumstances of petitioner's trial, the presumption was so undermined that the constitutional protection ordinarily afforded thereunder was effectively denied. Since the essence of the error in the prosecution's comments here was that they conveyed to the jury the idea that the presumption had been eliminated from the case prior to deliberations, we conclude that petitioner's rights were affirmatively denied within the meaning of *Donnelly* in a manner that the rights of the defendant in *Whorton* simply were not.

■ Notwithstanding our conclusion that the *Donnelly* fundamental fairness analysis does not govern here, we still must evaluate the prejudicial effect that the objectionable comments had on the presumption of innocence by considering the pertinent surrounding circumstances at trial. These circumstances, however, show substantial prejudice and, therefore, lead us to conclude that a valid constitutional claim has been made out by petitioner. First of all, defense counsel vigorously objected both during voir dire and closing argument to the prosecutor's misconduct and was immediately and categorically overruled in the presence of the jury. The official imprimatur thereby placed upon the prosecution's misstatements of law obviously amplified their potential prejudicial effect on the jury. Moreover, the trial court did not thereafter attempt to cure or minimize the problem through admonishment or special instruction of the jury. Further, the trial court's overall charge on the presumption of innocence and burden of proof was not sufficiently specific to

---

**3.** Additional illustrations of the point made above may be found in other contexts. For example, while the prosecution may not attempt to bolster the credibility of its law enforcement witnesses by emphasizing their status as government officers, *see United States v. Marquez,* 462 F.2d 893, 896 (2d Cir.1972), and may not urge the jury to convict the defendant in order to deter future lawbreaking, *see United States v. Monaghan,* 741 F.2d 1434, 1441 (D.C.Cir.1984), *cert. denied,* 470 U.S. 1085, 105 S.Ct. 1847, 85 L.Ed.2d 146 (1985), the defendant is not entitled to specific advisory instructions on such matters, *see United States v. Wright,* 542 F.2d 975,

989 (7th Cir.1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 790 (1977).

**4.** Admittedly, these cases involve a mistaken jury instruction rather than a misstatement of the law by counsel. Ordinarily, misstatements by counsel have the potential for less prejudice than misstatements of the law by the judge. However, here the judge's refusal twice to correct the prosecutor's misstatements when publicly requested to do so gave such statements some appearance of judicial approval.

preserve that presumption in light of the prosecutor's specific statement that it had been extinguished from the case.[5] *Cf. Monk,* 901 F.2d at 891 n. 7 (additional references to erroneously defined reasonable doubt standard "are of little import when the [jurors] were improperly instructed as to its meaning"). Finally, we note that the state has not pointed to any misstatements by defense counsel that might implicate the mitigating "invited response" doctrine.[6] Thus, the factors that have permitted some courts to overlook similar prosecutorial misrepresentations are not present in this case. *Cf. Beam v. Foltz,* 832 F.2d 1401, 1407–08 (6th Cir.1987), *cert. denied,* 485 U.S. 980, 108 S.Ct. 1278, 99 L.Ed.2d 489 (1988). *See generally Caldwell v. Mississippi,* 472 U.S. 320, 336–40, 105 S.Ct. 2633, 2643–45, 86 L.Ed.2d 231 (1985).

■ Having held that the prosecution's comments violated petitioner's constitutional rights, we must determine whether this violation may yet be deemed "harmless beyond a reasonable doubt." *United States v. Rivera,* 900 F.2d 1462, 1470 (10th Cir. 1990) (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), for the holding that constitutional error can be considered harmless only if the court is "able to declare a belief that it was harmless beyond a reasonable doubt."); *see also Graham v. Wilson,* 828 F.2d 656, 659 (10th Cir.1987) (court of appeals reviews harmless error issue in habeas proceeding de novo), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988). Petitioner never denied the act of sexual intercourse, which physical evidence would have corroborated, but rather consistently defended on the basis of consent. At trial, the jury was basically presented with two relatively credible, competing stories related by the complaining witness and the accused, neither of which was conclusively confirmed or disproportionately discredited by extrin-

sic evidence. Given the character and condition of the evidence, the aggravated effect of the prosecution's misconduct discussed above, and the fact that this misconduct went directly to a fundamental precept guiding the factfinder's evaluation of guilt or innocence, we cannot say that the constitutional infirmity in petitioner's criminal trial was harmless. *See generally Velarde v. Shulsen,* 757 F.2d 1093, 1095 (10th Cir.1985); *Williams v. Lane,* 826 F.2d 654, 666–68 (7th Cir.1987).

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED. The cause is REMANDED with directions that it be held in abeyance for ninety days from the date the mandate issues to permit the state to retry the petitioner. If such retrial does not occur, then the writ shall issue.

BRORBY, Circuit Judge, dissenting.

The majority bases its analysis of the prosecutor's remarks on the theory that such comments, which attempt to undermine the defendant's presumption of innocence, amount to a deprivation of a "specific constitutional right," (Per Curiam Opinion at 4) thereby warranting habeas relief unless the improper argument is shown to be "harmless beyond a reasonable doubt." (Per Curiam at 7.) The majority's characterization thus eliminates the inquiry used for most prosecutorial impropriety: whether the comment rendered defendant's trial "so fundamentally unfair as to deny him due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). As I find the majority's characterization of the alleged impropriety and the result to be incorrect, I respectfully dissent.

My disagreement with the majority's opinion is twofold: 1) I do not characterize a defendant's presumption of innocence to be the type of specific constitutional right

---

5. The jury instructions were read to the jury before closing arguments were made.

6. The dissent cites an earlier comment by defense counsel to the effect that the prosecution had been presuming defendant's guilt all along. We cannot agree that this innocuous expression

of defense paranoia in any way invited a misstatement of the presumption of innocence to somehow "right the scales." *See generally United States v. Young,* 470 U.S. 1, 12–13, 105 S.Ct. 1038, 1045, 84 L.Ed.2d 1 (1985).

which warrants habeas relief absent a fundamental fairness inquiry; and 2) considering the totality of the circumstances in this case, I do not believe the prosecutor's arguments amounted to a deprivation of defendant's right to a constitutionally fair trial.

The majority opinion characterizes the presumption of innocence as the type of specific constitutional right which warrants a heightened standard of review. As a basis for this characterization, the majority cites case authority indicating the presumption of innocence is "constitutionally rooted." *Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir.1979). I do not argue this contention. Rather, I disagree with the majority's conclusion that because the presumption of innocence is constitutionally rooted, the prosecutor's arguments in this case necessarily amounted to the deprivation of a specific constitutional right of the defendant.

In *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 2089, 60 L.Ed.2d 640 (1979), the Supreme Court, discussing a prior decision where it found the trial court's refusal to instruct on the presumption of innocence to have resulted in a violation of defendant's due process, also indicated that its "explicitly limited holding, and the Court's detailed discussion of the circumstances of the defendant's trial, belie any intention to create a rule that an instruction on the presumption of innocence is constitutionally required in every case." *Id.* The Court also stated that:

> failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution[, but] such a failure must be evaluated in light of the totality of the circumstances—including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors—to determine whether the defendant received a constitutionally *fair* trial.

*Id.* (emphasis supplied).

If a complete refusal by the court to give a requested instruction on the presumption of innocence is not the type of specific constitutional violation which warrants habeas relief without looking at the fundamental fairness of defendant's trial, mere comments by the prosecutor regarding the presumption should not be so characterized. The above language acknowledges the importance of the presumption of innocence, yet it clearly indicates the Court's refusal to bypass the due process analysis. In looking to the totality of the circumstances to determine whether defendant was deprived of a constitutionally fair trial, the Court indicates it does not deem this presumption to be within the very narrow category of specific constitutional rights where habeas relief may be warranted independent of a due process analysis. The majority cites the case of *Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir.1979), where this court, in dicta, indicated that "transgressing the constitutionally rooted presumption of innocence" may provide a basis for granting habeas relief without engaging in the general due process analysis. In light of the Supreme Court's language in *Kentucky*, I do not find this dicta persuasive. Additionally, this case is distinguishable in that *Brinlee* refers to a complete transgression of the presumption. The prosecutor's remarks in this case were not so strong as to have amounted to a transgression or denial of defendant's presumption of innocence.

Looking at the totality of circumstances of the trial, the statements by the prosecutor did not impose a substantial prejudice on the defendant so as to deny him due process. The majority sets out two comments made by the prosecutor which it found amounted to a substantial constitutional violation. The first of these comments occurred during voir dire, and the next during the prosecutor's closing argument. While the statements made by prosecutor may have been improper, the Supreme Court has previously held in *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986):

> [I]t "is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Id.*, quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (1983). The relevant question is whether the prosecutor's comments "so infected

the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637 [94 S.Ct. 1868, 40 L.Ed.2d 431] (1974). Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* at 642 [94 S.Ct. at 1871].

It should be noted that during voir dire, defense counsel questioned the jurors extensively about the presumption of innocence and the state's burden of proof, providing adequate clarification for any potential confusion created by the prosecutor. In addition, the prosecutor himself stated during voir dire "you don't have to pay too much attention too what I say, what I say is not evidence...." (TR at 30.)

Prior to the closing arguments, the trial judge gave numerous instructions to the jury. The first instruction dealt with the state's burden of proof, and the second with the defendant's presumption of innocence.[1] Both these instructions, along with instructions No. 6 and No. 9, stressed the requirement that unless the state had proven defendant's guilt beyond a reasonable doubt, an acquittal must be granted. The court's final instruction additionally stated: "[t]hese instructions contain all the law, whether by statute or otherwise, to be applied by you in this case and the rules by which you are to weigh the evidence and determine the facts in issue." (Instruction No. 11.)

Following the court's instructions, defense counsel presented his closing argument in which he discussed at length the presumption of innocence and the state's burden of proof. In his argument, Mr. McCarthy expressly stated: "[the prosecutor is] presuming that [the defendant] is guilty.... He comes into this court with that idea. He makes his argument based on that idea, but he doesn't look at the evidence to see if he has proven it...." (TR at 314.) The prosecutor commenced his closing argument by indicating that he would be *responding* to some of the comments made by defense counsel.[2] Considering this context, the statements by the prosecutor were arguably invited by defense counsel. The prosecutor's contention was that in light of the evidence presented at trial, defendant's initial presumption of innocence was since overcome. In other words, the prosecutor was arguing that the state had met its burden of proof. Considering the entire proceedings, the prosecutor's arguments, while perhaps improper, did not render defendant's trial so fundamentally unfair as to deny him due process.

Therefore, I would AFFIRM the decision of the district court.

---

1. Instruction Numbers 1 and 2 read as follows:

   *No. 1* "You are instructed that the burden of proof in this case is upon the State to establish by evidence beyond a reasonable doubt all the material allegations contained in the information, and unless the State has met its duty in this respect you cannot find the defendant guilty, but must acquit him."

   *No. 2* "You are instructed that the defendant is presumed to be innocent of the crime charged against him in the information until his guilt is established by evidence beyond a reasonable doubt, and that this presumption of innocence continues with the defendant until every material allegation of the information is proven by evidence beyond a reasonable doubt."

2. The significant portion of the prosecutor's argument stated: "I submit to you, under the law and the evidence, that we are in a little different position today than we were when we first started this trial and it was your duty at that time, under the law of this land, as you were being selected as jurors, to actively in your minds presume that man over there not to be guilty of the offense of rape in the first degree, but, you know, things have changed since that time. I submit to you at this time, under the law and under the evidence, that that presumption has been removed, that that presumption no longer exists, that that presumption has been removed by evidence and he is standing before you now guilty. That presumption is not there any more." (TR at 321.)