5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Antonio Robert CHAVEZ, Petitioner-Appellant,
v.
Frank GUNTER; Gale A. Norton, Attorney General, Attorney
General of the State of Colorado, Respondent-Appellee.
 No. 93-1132.
 United States Court of Appeals, Tenth Circuit.
 Aug. 24, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.[1]
 
 ORDER AND JUDGMENT[2]
 
 1
 Petitioner Antonio Robert Chavez appeals the district court's denial of his habeas corpus petition. 28 U.S.C. 2254. In his petition, Petitioner challenges his 1988 state convictions for aggravated robbery and crime of violence claiming that he was denied due process due to prosecutorial misconduct.
 
 
 2
 In support of his petition, Petitioner alleges four incidents of prosecutorial misconduct. First, during opening statements, the prosecutor told the jury that Petitioner was arrested with a .45 caliber pistol and that police found a telescope, sawed-off shotgun, police scanner, and stocking masks when searching Petitioner's home. During the course of the trial, this evidence was ruled inadmissable. Second, also during opening statements, the prosecutor referred to Petitioner's confession to a detective in which he admitted to being a heroin addict and to robbing people to obtain money to buy drugs. Petitioner claims that the prosecution failed to provide them with this evidence during discovery. Third, the prosecutor, during cross-examination, asked Petitioner, "Mr. Chavez, you are an admitted junkie?" Petitioner claims the use of the word "junkie" was intended to prejudice the jury. Fourth, during cross-examination, the prosecutor asked Petitioner whether he had any proof that he had ever been employed. Although Petitioner's objection to the question was sustained, the prosecutor again during closing argument noted that Petitioner "didn't bring anything suggesting to you that he ever made a nickel working at anything." Petitioner claims the prosecutor, through these statements, improperly attempted to shift the burden of proof to Petitioner.[3]
 
 
 3
 Petitioner appealed his convictions to the Colorado Court of Appeals. That court affirmed his convictions, and Petitioner's petition for a writ of certiorari to the Colorado Supreme Court was denied.[4]
 
 
 4
 Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Mahorney v. Wallman, 917 F.2d 469, 472 (10th Cir.1990). In evaluating whether improper prosecutorial comments render a defendant's trial fundamentally unfair, we view the comments within the context of the trial as a whole. United States v. Young, 470 U.S. 1, 11-12 (1985). Not every trial error or infirmity constitutes a "failure to observe that fundamental fairness essential to the very concept of justice." Donnelly, 416 U.S. at 645.
 
 
 5
 Each of the alleged incidents of prosecutorial misconduct in the instant case was relatively minor and was handled appropriately by the district court. See People v. Chavez, No. 87CR261-C, slip op. (Colo.App. June 13, 1991). The prosecutor's opening statements, concerning evidence that was ultimately suppressed, were made with a good faith belief that the evidence would be admissable. Further, although a suppression hearing was held, Petitioner failed to seek suppression of this evidence in advance of trial. With regard to the prosecutor's comments concerning Petitioner's drug use, Petitioner had intended to and did submit his own evidence that he was a heroin addict. As a result, Petitioner suffered no prejudice. Finally, the prosecutor's comments regarding Petitioner's lack of proof of employment were cured by the trial court's instructions to the jury to decide the case on the evidence alone.
 
 
 6
 Even assuming that the incidents complained of by Petitioner amounted to prosecutorial misconduct, we hold that Petitioner was not denied a fair trial. "The prosecutors' [comments] did not manipulate or misstate the evidence, nor did [they] implicate other specific rights of the accused such as the right to counsel or the right to remain silent." Darden v. Wainwright, 477 U.S. 168, 181-82 (1986). The trial court instructed the jurors on several occasions that their decision was to be based on the evidence alone and that the remarks of counsel were not evidence. Furthermore, the evidence of Petitioner's guilt, which included Petitioner's own confession, was substantial. Given this weighty evidence, the likelihood that the jury's decision was influenced by the prosecutor's comments is greatly reduced. See id. at 182. Under these circumstances, we cannot say that the alleged improper prosecutorial comments "so infected [Petitioner's] trial with unfairness as to make [his] resulting conviction[s] a denial of due process." Donnelly, 416 U.S. at 643.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [3]
 The district court also addressed an issue involving the prosecutor's attempted impeachment of Petitioner's credibility through extrinsic evidence. Although Petitioner raised this issue in his direct appeal, he did not raise it in his habeas petition; therefore, we do not address it
 
 
 [4]
 In his direct appeal, Petitioner claimed that the trial court erred in not granting him a mistrial. Although Petitioner's claim was based on the same prosecutorial comments complained of in this petition, Petitioner failed to allege, on direct appeal, that the alleged prosecutorial misconduct violated his constitutional right to a fundamentally fair trial. Therefore, it is likely that Petitioner has not exhausted his state court remedies because he has not "fairly presented" his due process issue to the Colorado courts. See Anderson v. Harliss, 459 U.S. 4, 7-8 (1982) (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes). Nevertheless, the district court addressed the merits of Petitioner's claims and, indeed, Respondent represented to the district court that Petitioner had exhausted his claims. In any event, rather than require a series of additional state and district court proceedings, we address the merits of Petitioner's claims because "it is appropriate ... to dispose of nonmeritorious petitions without reaching the nonexhaustion issue." Granberry v. Greer, 481 U.S. 129, 135 n. 7 (1987)