66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Francisco VASQUEZ-TORREZ, Petitioner-Appellant,
v.
Donald A. DORSEY, Warden, Southern New Mexico Correctional
Facility; New Mexico Attorney General,
Respondents-Appellees.
 No. 94-2199.
(D.C. No. CIV 93-273 HB)
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the dismissal of his 28 U.S.C. 2254 petition challenging a conviction in New Mexico state court of possession with intent to distribute cocaine. The sole issue raised in this habeas proceeding is whether the state trial court committed constitutional error in admitting opinion testimony by detective Marchand, a veteran law enforcement officer with experience in narcotics, regarding the factual implications of (1) the significant amount of cash ($943) in petitioner's possession when he was arrested, and (2) the quantity and packaging of cocaine found by fellow officers in conjunction with the arrest.
 
 
 3
 The magistrate judge's recommendation, ultimately adopted by the district court, rejected petitioner's claim because the admission of the cited testimony, if error at all, was not of constitutional dimension. Upon de novo consideration of the law and clear-error review of the underlying facts, see Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir.1995), we affirm that determination.
 
 
 4
 As the New Mexico Court of Appeals noted on petitioner's direct appeal, the thrust of petitioner's challenge to Marchand's testimony was that because the detective had not been formally tendered as an expert witness, his opinions should have been excluded under standards governing lay opinion testimony. See R. Vol. I, tab 10, exh. O, at 2-4. The court went on to reject the argument, holding there is no procedural requirement that a witness be formally tendered as an expert before rendering opinions in such capacity, particularly where the trial context has put opposing counsel on notice that expert opinion testimony is to be elicited. Id. Because this procedural ruling did not burden or implicate any specific constitutional right,[2] habeas relief is appropriate only if the ruling "made [the] trial so fundamentally unfair as to deny [petitioner] due process." Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974); see Lujan v. Tansy, 2 F.3d 1031, 1034 (10th Cir.1993), cert. denied, 114 S.Ct. 1074 (1994). We agree with the district court that foregoing the expert-tender procedure in this case does not give rise to a cognizable claim for habeas relief under the Donnelly standard.
 
 
 5
 We have also considered petitioner's related arguments, regarding such issues as Marchand's expert qualifications, the subject matter of his opinions, and the factual bases for those opinions. Even assuming these issues are properly before this court, a matter about which there is some doubt,[3] we conclude they are without merit. Under the circumstances presented, we cannot say that the admission of Marchand's testimony, which involved a judgment properly committed to the sound discretion of the state trial court, see Tome Land & Improvement Co. v. Silva, 494 P.2d 962, 966 (N.M.1972); see also Beachum v. Tansy, 903 F.2d 1321, 1331 (10th Cir.), cert. denied, 498 U.S. 904 (1990), was improper under state evidentiary law, much less fundamentally unfair in a federal constitutional sense.
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner's argument that a particularized due process right is involved here because "[t]he admission of Marchand's testimony ... affected the government's burden of proving the elements of the offense beyond a reasonable doubt[,]" Appellant's Brief-In-Chief at 19, goes too far to be plausible. Under such a view, the admission of every piece of probative, inculpatory evidence could give rise to an issue of constitutional dimension. Petitioner's citation to Mahorney v. Wallman, 917 F.2d 469, 472-73 (10th Cir.1990), which involved judicially-sustained prosecutorial comment that "affirmatively negate[d]" the "constitutionally rooted presumption of innocence," is clearly inapposite
 
 
 [3]
 As the state has pointed out, the New Mexico Court of Appeals specifically acknowledged that "[petitioner] limits his argument to arguing the improper admission of lay opinion," R. Vol. I, tab 10, exh. O, at 2