**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ARTURO B. DELGADO,

      Petitioner-Appellant,

v.

LAWRENCE BARRERAS, Warden,
Penitentiary of New Mexico,

      Respondent-Appellee.

No. 97-2007
(D.C. No. CIV 94-822 BB/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Arturo Delgado appeals from the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Delgado was originally indicted on charges of kidnaping, criminal sexual penetration, and aggravated battery. A New Mexico state court dismissed the kidnaping charge because of insufficient evidence at his first trial. The jury hung, and the court declared a mistrial. At his second trial, Delgado was convicted of the remaining counts and was sentenced to concurrent terms of nine years and one year, with three years suspended. On appeal, the New Mexico Court of Appeals dismissed the battery charge because it found that the battery charge merged with the rape charge, and it affirmed the conviction and sentence for criminal sexual penetration.

Delgado filed a petition for a writ of habeas corpus in federal district court, challenging his conviction on grounds of double jeopardy, insufficient evidence, prosecutorial misconduct resulting in violation of his constitutional rights, and ineffective assistance of counsel. The district court adopted the findings and recommendations of the magistrate judge and dismissed the habeas petition. We

---

[1]     Because the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, no certificate of appealability is necessary. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). We, therefore, construe Delgado's notice of appeal as requesting a certificate of probable cause. See Fed. R. App. P. 22(b) (prior to amendment by AEDPA).

review the district court's dismissal of Delgado's petition for writ of habeas corpus de novo, see Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir. 1993), and we affirm.

## Double Jeopardy

Delgado's first argument for habeas relief is that his constitutional right to be free from double jeopardy was violated when the state retried him for the same offenses before he received appellate review on his claim of insufficient evidence at his first trial. As Delgado concedes, this claim lacks merit under Richardson v. United States, 468 U.S. 317, 325-26 (1984). In that case, the Court held that declaration of a mistrial because the jury was unable to reach a verdict is not an event that terminates jeopardy. See id. at 326. Delgado's second trial was, therefore, a continuation of the original jeopardy. "Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." Id.

## Prosecutor Misconduct

Next, Delgado argues that improper remarks in the prosecutor's rebuttal closing statement violated his constitutional rights and made his trial fundamentally unfair. Specifically, Delgado argues that the prosecutor's comments on defense counsel's failure to question the victim, Shirley Zahoney, about the rape in her video-taped deposition violated his constitutional right to a

presumption of innocence by impermissibly shifting the burden of proof. He also asserts that his trial was fundamentally unfair because of the prosecutor's representation that defense counsel had referred to defendant as a "stalker and a thug," the prosecutor's representation that defense counsel referred to Zahoney as "an old drunk," and the prosecutor's improper attempt to appeal to racial prejudice by characterizing defendant's testimony so as to insinuate that he was prejudiced against Native Americans and the homeless.

"While, ordinarily, claims of prosecutorial misconduct . . . are reviewed on habeas [to determine whether the misconduct made the trial fundamentally unfair], when the impropriety complained of effectively deprived the defendant of a specific constitutional right, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair." Mahorney v. Wallman, 917 F.2d 469, 472 (10th Cir. 1990). In support of his argument that the prosecutor's remarks impermissibly shifted the burden of proof and denied him his constitutional entitlement to a presumption of innocence, Delgado cites our decision in Mahorney. That case is distinguishable, and it does not support Delgado's argument that the prosecutor's remarks deprived him of a specific constitutional right. Here, the prosecutor's rebuttal remarks were aimed at countering Delgado's closing statement, in which his attorney emphasized the inconsistencies and improbabilities in Zahoney's video-taped testimony. In

-4-

response, the prosecutor sought to emphasize that, regardless of any inconsistencies or improbability of Zahoney's testimony about details, the defense could point to no inconsistency in her account of the actual rape. To that end, the prosecutor pointed out that defense counsel did not even question Zahoney about the rape.

In contrast, the prosecutor in Mahorney actually told the jury that the presumption of innocence no longer existed, that it had been removed by the evidence, and that the defendant now stood before them guilty. 917 F.2d at 471. Defense counsel objected, and the judge overruled the objection. Id. In light of that scenario, we held that the defense was prejudiced by the direct statement about the presumption of innocence and that the judge's overruling of the objection amplified the prejudice. Id. at 473-74. We do not find Mahorney persuasive because, in this case, the prosecutor's remarks were not a direct statement on the presumption of innocence. In addition, the remarks were in direct response to defense counsel's comments in his closing statement regarding the inconsistencies in Zahoney's testimony. See United States v. Haar, 931 F.2d 1368, 1377 (10th Cir. 1991) (holding no impropriety in prosecutor's remarks that were invited by comments of defense counsel). Further, the defense made no objection to the remarks, see Mason v. United States, 719 F.2d 1485, 1489 (10th

Cir. 1983) (stating no objection indicates lack of serious problem), and there was no amplification of any prejudice caused by the judge overruling an objection.

We review the three other remarks to which Delgado objects to determine "whether the challenged statements 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Brecheen v. Reynolds, 41 F.3d 1343, 1355 (10th Cir. 1994) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). After careful consideration of the pertinent surrounding circumstances of the trial, see id., we conclude that the prosecutor's comments did not "so prejudice[ ] the jury against [Delgado] as to deny him the fundamental fairness to which he is entitled under the Constitution." Id. at 1356. The comments were appropriately responsive to defense counsel's closing statement, and the reference to Zahoney's class and race did not improperly appeal to the jury's bias or prejudice.

### Sufficiency of the Evidence

Delgado's third argument is that the prosecution produced insufficient evidence at his second trial to support a conviction for criminal sexual penetration. He maintains that the trial court erred in admitting the video-taped deposition of Zahoney and that without her testimony, there was insufficient evidence to convict. The district court found that, with or without Zahoney's video-taped testimony, there was sufficient evidence upon which a jury could

have found, beyond a reasonable doubt, that Delgado committed the offense. We agree. In reviewing the sufficiency of the evidence, we do not reweigh conflicting evidence or pass on the credibility of witnesses; we will "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996) (quotation omitted).

"[W]e will not question the evidentiary . . . rulings of the state court unless [Delgado] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.) cert. denied, 514 U.S. 1115 (1995) (quotation omitted). The prosecution satisfied its burden of showing that Zahoney was unavailable, defense counsel was afforded a chance to cross-examine Zahoney at the taped deposition, and her testimony was not inherently improbable. Our review of the record shows that admission of Zahoney's video-taped deposition did not make the trial fundamentally unfair.

In any event, like the district court, we also conclude that even without the video of Zahoney's testimony, there was sufficient evidence from which the jury could have found Delgado guilty beyond a reasonable doubt. Denise Sponsel testified that, as she was walking up to her friend Barbara Beck's apartment, she heard a woman crying for help. When she went to the apartment from which she heard the pleas, she saw Delgado on the couch, positioned on top of Zahoney and

in between her legs. Zahoney was trying to push him off. Delgado had no clothes on, and Zahoney was not clothed below the waist. When Sponsel came in, Delgado's arm was raised, as if ready to strike Zahoney, and Zahoney's face was bloodied. Zahoney was shaking and crying, and, after Sponsel and Beck took her back to Beck's apartment, Zahoney said that "[Delgado] hurt me down there," pointing to her vaginal area. Trial Transcript, July 28, 1993, at 20.

Beck testified that she heard a woman crying for help as she ascended the steps to her apartment. She followed Sponsel into Delgado's apartment and saw Zahoney, who was crying, visibly shaking, and naked from the waist down, and Delgado, who was on the couch laughing. She testified that Zahoney's face was freshly bloodied, and that Zahoney pointed to her vagina and cried: "He hurt me. . . . He hurt me down there." Id. at 63.

### Ineffective Assistance of Counsel

Finally, Delgado argues that his Sixth Amendment right was violated because he received ineffective assistance of counsel. Delgado maintains that his attorney's failure to object to prosecutorial remarks at trial and his failure to perfect an appeal until a year after Delgado's conviction constituted ineffective assistance. To maintain a claim for ineffective assistance of counsel, Delgado must show that his attorney's performance was deficient in that it fell below an objective standard of reasonableness, and that the deficient performance

-8-

prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  We have already held that the prosecutor's remarks were not improper.  Therefore, Delgado's attorney was not deficient in failing to object.  Further, Delgado's conviction was affirmed on appeal, and he can show no prejudice resulting from his attorney's delay in perfecting his appeal.

The application for a certificate of probable cause is GRANTED.  The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge