FILED
United States Court of Appeals
Tenth Circuit

**February 1, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

TROY ROBERT MEDLIN,

      Defendant–Appellant.

No. 10-7030
(D.C. No. 6:09-CR-00053-JHP-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Troy Robert Medlin appeals his convictions for drug and firearms offenses, arguing that the district court erred in its instructions to the jury with respect to the presumption of innocence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

A jury found Medlin guilty on two counts: (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (2) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8). Medlin contends that the district court failed to instruct the jury that the presumption of innocence remains with the accused through the jury's deliberations. He maintains that this error was not harmless beyond a reasonable doubt and therefore warrants reversal and a new trial.

# II

"We review the district court's decision to give a particular jury instruction for abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law." United States v. Platte, 401 F.3d 1176, 1183 (10th Cir. 2005) (quotation and alteration omitted). "The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them." United States v. Urbano, 563 F.3d 1150, 1154 (10th Cir.), cert. denied, 130 S. Ct. 434 (2009) (quotation omitted).

## III

"The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." Taylor v. Kentucky, 436 U.S. 478, 483 (1978) (quotation omitted). The purpose of the presumption is twofold:

> [it] is a doctrine that allocates the burden of proof in criminal trials; it also may serve as an admonishment to the jury to judge an accused's guilt or innocence solely on the evidence adduced at trial and not on the basis of suspicions that may arise from the fact of his arrest, indictment, or custody, or from other matters not introduced as proof at trial.

Bell v. Wolfish, 441 U.S. 520, 533 (1979); see also Taylor, 436 U.S. at 484-86 (describing relationship between presumption of innocence, burden of proof beyond a reasonable doubt, and requirement that the jury consider only the evidence when reaching its verdict).

Medlin argues that the district court's instructions failed to explain two important aspects of the presumption of innocence, specifically that it "(1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the jury's determination that guilt has been established beyond a reasonable doubt." Mahorney v. Wallman, 917 F.2d 469, 471 n.2 (10th Cir. 1990). In support of this contention he points to instruction number three, which stated:

Every defendant in a criminal case is presumed at the outset to be innocent. This presumption exists in the defendant's favor and abides with him for his proper protection at every stage of the trial, unless the guilt of the defendant is established by the evidence, beyond a reasonable doubt.

The burden of proving guilt rests with the government, and must be sustained by evidence which establishes guilt beyond a reasonable doubt.

Medlin objected to this instruction on the basis that it could mislead a jury to regard the presumption of innocence as extinguished at any point during the trial if a juror believed the evidence established guilt beyond a reasonable doubt. He emphasizes that the instruction did not explicitly state that the presumption of innocence exists through the jury-deliberation stage of the trial, and it also failed to indicate that the presumption is only extinguished when the jury determines that guilt is proven beyond a reasonable doubt. Medlin maintains that instruction number five, addressing the definition of a presumption, further invited the jurors to reach a premature conclusion that the presumption of innocence had been extinguished:

A presumption is a conclusion which the law requires the jury to make from particular facts, in the absence of convincing evidence to the contrary; but, unless so outweighed the jury is bound to find in accordance with the presumption.

Unless and until outweighed by evidence to the contrary, the law presumes that a person is innocent of crime or wrong; and, that the law has been obeyed.

-4-

We find no merit in Medlin's contentions. Considered as a whole, the district court's instructions accurately informed the jury of the governing law with respect to the presumption of innocence. Initially, in its preliminary instructions, the district court directed the jury to accept and follow all of the instructions as a whole. The court then instructed the jury on the related principles of the presumption of innocence and the government's burden of proof:

> You must presume that the defendant is innocent of the crime with which he is charged. Thus, the defendant, although accused of a crime in the indictment, begins this trial with a clean slate, with no evidence against him. The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

The district court also explicitly instructed the jury to consider and decide the case based only on the evidence presented in the courtroom. And the court repeatedly cautioned the jurors that they were to refrain from reaching any conclusions, or even discussing the case, before it was submitted to them following presentation of all the evidence.

The district court's instructions to the jury after the close of evidence included instruction numbers three and five, as well as another direction to "consider all the instructions as a whole" and "regard each instruction in the light of all the others." Even after the jury began its deliberations, the court once again instructed the jury regarding the presumption of innocence. In response to a

-5-

message that the jury was unable to reach a verdict on one of the counts, the court gave an <u>Allen</u> charge,[1] reminding the jury once again "that the defendant is presumed innocent and that the government, not the defendant, has the burden of proof, and it must prove the defendant guilty beyond a reasonable doubt."

Contrary to Medlin's contention, this case is not similar to <u>Mahorney</u>, the controlling case in this circuit with respect to instruction on the presumption of innocence. In <u>Mahorney</u>, the prosecutor argued to the jury in closing that the presumption of innocence had been abrogated by the evidence. <u>See</u> 917 F.2d at 471. The essence of the error was that the prosecutor's comments "conveyed to the jury the idea that the presumption had been eliminated from the case prior to deliberations." <u>Id.</u> at 473. No such remarks were made in this case, nor did the district court's instructions, considered as a whole, convey an improper message to the jury. The allegedly offending instructions emphasized that the government had to meet its burden before the presumption could be overcome. Any misleading effect this instruction may have had was negated by the court's emphasis that the jury alone, upon its deliberation, could weigh the evidence and determine if the government's burden was met.[2]

---

[1]     <u>See</u> <u>Allen v. United States</u>, 164 U.S. 492, 501 (1896); <u>see</u> <u>also</u> <u>United States v. LaVallee</u>, 439 F.3d 670, 689 (10th Cir. 2006) ("An <u>Allen</u> charge is a supplemental instruction given to the jury and designed to encourage a divided jury to agree on a verdict." (quotation omitted)).

[2]     Although we conclude that the instructions as a whole in this case

(continued...)

-6-

**IV**

Considering the instructions as a whole, we hold that the district court accurately, if imperfectly, informed the jury of the governing law. See Platte, 401 F.3d at 1183. The district court did not, as Medlin contends, invite the jurors to conclude that the presumption of innocence was extinguished prior to deliberations.

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2](...continued)
accurately informed the jury regarding the presumption of innocense, we emphasize that a jury should be instructed, consistent with our holding in Mahorney, that the presumption remains with the accused during the jury's deliberations and is extinguished only upon the jury's determination that the government has met its burden to establish guilt beyond a reasonable doubt. See 917 F.2d at 471 n.2.