STATE, RESPONDENT, *v.* HARRISON, APPELLANT.

[No. 1,392.]

[Submitted June 20, 1899.  Decided June 26, 1899.]

*Criminal Law—Instructions—Presumption of Innocence—
Reasonable Doubt.*

1. It is error to refuse to charge that accused is presumed innocent until proven guilty a reasonable doubt, though the court gave an instruction properly defining a reasonable doubt.
2. The presumption of innocence has the weight and effect of evidence in the defendant's behalf—introduced by the law in his behalf—and the mere definition of a reasonable doubt does not supply the lack of an instruction upon the presumption of innocence.
3. "A reasonable doubt, within the meaning of the law, is not a mere imaginary or possible doubt, but a substantial doubt, based upon reason and common sense, and induced by the facts and circumstances attending the particular case, and growing out of the testimony.  It is such a doubt as will leave one's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt as charged." *Held:* a good definition of a reasonable doubt.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

MARTIN HARRISON was convicted of robbery, and from an order denying a new trial he appeals.    Reversed.

*Mr. M. P. Gilchrist,* for Appellant.

*Mr. C. B. Nolan, Attorney General,* for the State.

PER CURIAM.—Defendant was convicted of robbery.    His appeal is from an order overruling a motion for a new trial.

Objection is made to our consideration of the instructions marked "Refused," but we think the bill of exceptions discloses what instructions were given or refused, and presents for our consideration the action of the court in refusing the following instruction requested by defendant:

"You are instructed that the law presumes a person innocent until he is proved guilty, and this proof must be of a

nature to satisfy your minds beyond a reasonable doubt of the guilt of the accused.    The mere fact that an information has been filed, charging a person with a crime, does not in itself raise a presumption of guilt.    A reasonable doubt, within the meaning of the law, is not a mere imaginary or possible doubt, but a substantial doubt, based upon reason and common sense, and induced by the facts and circumstances attending the particular case, and growing out of the testimony.    It is such a doubt as will leave one's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt as charged.    The presumption of innocence has the weight and effect of evidence in the defendant's behalf, and this should continue until it is rebutted by competent evidence which displaces any reasonable doubt you might otherwise have of the defendant's guilt.''

No instruction of any kind was given telling the jury that defendant was presumed to be innocent until he was proven guilty beyond a reasonable doubt, although a reasonable doubt was elsewhere defined, as an independent proposition, in the language approved of by this Court in *Territory* v. *McAndrews*, 3 Mont. 158, and *State* v. *Gibbs*, 10 Mont. 213, 25 Pac. 289.

But the mere definition of a reasonable doubt did not supply the lack of the instruction requested, by which a knowledge of the presumption of the defendant's innocence was communicated to the jury by the court.    The distinction between the presumption of innocence and a reasonable doubt has been drawn with great ability by Justice White, speaking for the court, in *Coffin* v. *U. S.*, 156 U. S. 432, 15 Sup. Ct. 394. We quote as follows from his learned opinion:

''The fact that the presumption of innocence is recognized as a presumption of law, and is characterized by the civilians as a *presumptio juris*, demonstrates that it is evidence in favor of the accused; for, in all systems of law, legal presumptions are treated as evidence giving rise to resulting proof to the full extent of their legal efficacy.    Concluding, then, that the

presumption of innocence is evidence in favor of the accused introduced by the law in his behalf, let us consider what is 'reasonable doubt.' It is of necessity the condition of mind produced by the proof resulting from the evidence in the cause. It is a result of the proof, not the proof itself; whereas the presumption of innocence is one of the instruments of proof, going to bring about the proof, from which reasonable doubt arises; thus, one is a cause, the other an effect. To say that the one is the equivalent of the other is therefore to say that legal evidence can be excluded from the jury, and that such exclusion may be cured by instructing them correctly in regard to the method by which they are required to reach their conclusion upon the proof actually before them; in other words, that the exclusion of an important element of proof can be justified by correctly instructing as to the proof admitted. The evolution of the principle of the presumption of innocence, and its resultant, the doctrine of reasonable doubt, makes more apparent the correctness of these views, and indicates the necessity of enforcing the one, in order that the other may continue to exist. Whilst Rome and the mediævalists taught that, wherever doubt existed in a criminal case, acquittal must follow, the expounders of the common law, in their devotion to human liberty and individual rights, traced this doctrine of doubt to its true origin,—the presumption of innocence,—and rested it upon this enduring basis. The inevitable tendency to obscure the results of a truth, when the truth itself is forgotten or ignored, admonishes that the protection of so vital and fundamental a principle as the presumption of innocence be not denied, when requested, to any one accused of crime.''

The court ought not to have refused the instruction requested, which was correct, although it was not obliged to accept the precise definition of a reasonable doubt contained in it. We believe, however, that the definition of a reasonable doubt was good (Thompson on Trials, Sec. 2483; *People* v. *Finley*, 38 Mich. 482; *People* v. *Stubenvoll*, 62 Mich. 329, 28 N. W. 883; *People* v. *Cox*, 70 Mich. 247, 38 N. W. 235),

and that the whole instruction was correct on both points covered by its language.

For error in refusing the request to instruct upon the presumption of innocence, the defendant must be awarded a new trial.

The order denying defendant's motion for a new trial is reversed.

*Reversed and remanded.*