No. 14463

IN THE SUPREME COURT OF THE STATE OF MONTANA

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JOSEPH STANLEY WILLIAMS,

Defendant and Appellant.

Appeal from:  District Court of the Eighth Judicial District,
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Daniel Donovan, Public Defender argued, Great Falls, Montana
Larry Anderson, Public Defender argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Carroll Blend argued, Deputy County Attorney, Great Falls, Montana

Submitted:  June 4, 1979

Decided:  NOV 5 1979

Filed:  NOV 5 1979

Thomas J. Kearney
Clerk

Honorable James B. Wheelis, District Judge, sitting in place of Mr. Justice John C. Sheehy, who deems himself disqualified.

Joseph Stanley Williams, the appellant, was charged with felony theft and found guilty of having purposely or knowingly exerted unauthorized control over a pickup belonging to Bison Motors in Great Falls.

Before the taking of evidence at the trial, the defendant requested that the District Court preliminarily instruct the jury with respect to the presumption of innocence. The court refused the request and advised defendant that the instruction would be given in final instructions. At the settlement of final instructions, the defendant renewed his request, but it was denied. The court refused the instruction, which included a statement of the law on both the presumption of innocence and the State's burden of proof ruling that it duplicated another instruction. The instruction proposed by the State and adopted by the trial court instructed the jury that the State must prove the defendant's guilt beyond a reasonable doubt. It did not instruct them to presume the defendant innocent.

The first issue presented upon appeal is whether the trial court's refusal to give the defendant's requested instruction on the presumption of innocence results in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article II, Section 17 of the 1972 Montana Constitution.

On this issue we must reverse. We think even though the jury was properly instructed as to the burden of proof beyond a reasonable doubt, when he so requests, the defendant is still entitled to an instruction as to the presumption of innocence which exists in his favor. As Justice White noted in Coffin v. United States (1895), 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491:

> "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement

- 2 -

lies at the foundation of the administration of our criminal law."

Though the trial court thought it unnecessary to instruct the jury on the presumption of innocence as well as on the State's burden of proof, we think it is a constitutional safeguard to use both.

Appellant relies heavily on Taylor v. Kentucky (1978), 436 U.S. 478, 98 S.Ct. 1930, 56 L Ed 2d 468, in which the United States Supreme Court reversed a criminal conviction resulting from a trial in which the judge refused to give a requested jury instruction on the presumption of innocence. The State of Kentucky argued that the burden of proof beyond a reasonable doubt instruction effectively duplicated the presumption of innocence instruction, but the Supreme Court in Taylor said:

> "While the legal scholar may understand that the presumption of innocence and the prosecution's burden of proof are logically similar, the ordinary citizen may well draw significant additional guidance from an instruction on the presumption of innocence. Wigmore described this effect as follows:
>
> "' . . . In a criminal case the term [presumption of innocence] does convey a special and perhaps useful hint over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced.
>
> "'In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other) to consider, in the material for their belief, nothing but the evidence, i.e., no surmises based on the present situation of the accused. This caution is indeed particularly needed in criminal cases.' Wigmore 407.
>
> "This court has declared that one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial. . . it long has been recognized that an instruction on the presumption [of innocence] is one way of impressing upon the jury the importance of that right." Taylor v. Kentucky, 436 U.S. at 484-485, 98 S.Ct. at ____, 56 L Ed 2d at 474-475.

- 3 -

The Taylor decision does not, however, announce an absolute rule that denial of a requested instruction on the presumption of innocence results in reversible error. The holding was explicitly limited to its facts, and later in Kentucky v. Whorton (1979), ____ U.S. ____, ____S.Ct.____, 60 L Ed 2d 640, the court held that failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. The court said:

> "Under Taylor, such a failure must be evaluated in light of the totality of the circumstances--including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors--to determine whether the defendant received a constitutionally fair trial." Whorton, 60 L Ed 2d at 643.

Hence, the United States Supreme Court has decided that the totality of the circumstances shall dictate whether the issuance of a presumption of innocence instruction is necessary. Historically, though, Montana has set higher standards on this issue, as we are allowed to do, and we decline this opportunity to lower those standards.

In an 1899 case, State v. Harrison (1899), 23 Mont. 79, 57 P. 647, this Court flatly ruled without examination of the facts that failure to give a requested instruction on the presumption of innocence was reversible error.

In State v. Howell (1901), 26 Mont. 3, 5, 66 P. 291, 292, this Court said "The defendant in a criminal case is always entitled to have the jury take into consideration the presumption of innocence which the law throws about him."

This Court reiterated the Harrison ruling in 1951 when it stated:

> "The presumption of innocence surrounds the Defendant at every step in the trial and to its benefits he is entitled in the determination of every fact by the jury.
>
> "It has the weight and effect of evidence in the

- 4 -

Defendant's behalf." State v. Gilbert (1951), 125 Mont. 104, 109, 232 P.2d 338, 341. (Emphasis supplied.)

We hold steadfast to this per se rule that an instruction on the presumption of innocence is required in every case when a timely request has been made and think it preferable to the totality of the circumstances test articulated in Kentucky v. Whorton, supra. This test allows a defendant's right to an instruction on the presumption of innocence to ultimately stand or fall on the weight of the evidence. In determining whether to give the instruction, the trial court would, of necessity, be required to pass judgment on both the quantity and quality of the evidence presented. We think that this evaluation by the trial court would be a usurping of the jury's role as the judge of fact and a partial denial of the defendant's right to a trial by jury as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article II, Section 26, 1972 Montana Constitution.

It having been stipulated by counsel at oral argument that other grounds raised on appeal are not ripe for decision, we do not reach them, and reverse and remand for a new trial consistent with the conclusions in this opinion.

_____
Hon. James B. Wheelis, District Judge sitting in place of Mr. Justice John C. Sheehy.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -