JUSTICE McDONOUGH
dissenting:
I would reverse and remand for a new trial. The defendant was deprived of his right to due process in violation of Section 17 of Article II of the Constitution of the State of Montana 1972, and of the Fourteenth Amendment to the United States Constitution.
At the very least, the trial court issued conflicting instructions on the burden of the State to prove defendant’s guilt beyond a reasonable *193 doubt. It also failed to give any instruction on the presumption of innocence. Even though the defendant testified at trial, it is the function of the jury to ultimately render a verdict of guilty or not guilty under proper instructions.
Section 26-1-403, MCA (1989), provides that in criminal cases, the court must instruct the jury that guilt must be proven beyond a reasonable doubt. At the instruction settlement conference the State submitted five proposed instructions. One of those instructions covered the defendant’s presumption of innocence; that it remains with him throughout the trial; and that it is not overcome unless the jury is convinced beyond a reasonable doubt that the defendant is guilty.
The court stated it would give its written composite Instruction No. 1. At this point the State withdrew its proposed first five instructions. The court then stated it would give the State’s sixth instruction which was a recitation of the statute that the defendant was charged with violating. This recitation was eventually given as Instruction No. 2. The defense offered only one instruction which is not relevant to this discussion, and the defense did not in any way object to the court’s composite Instruction No. 1.
The District Court read its written Instructions No. 1 and 2 to the jury, and then stated:
THE COURT: The State of Montana must prove the elements of this charged offense to your satisfaction beyond any — beyond a reasonable doubt. And another matter, when you go to the jury room, you will select one of yourselves as the foreman or foreperson. And they’ll take charge of your discussions and you will discuss the matter.
I’ve given you a verdict form, which will be in this little envelope, which you will have with you along with a copy of the instructions. And remember, this being a criminal case, all six of you must agree on the verdict. Now, I’m going to recognize the State for closing argument.
No where in the court’s written instructions is there an instruction covering the presumption of innocence. As to the burden of proof the only mention is as follows:
Now some law on evidence and witnesses.
There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence — such as the testimony of an eyewitness. The other is indirect or circumstantial evidence — the proof of a chain *194 of circumstances pointing to the existence or non-existence of certain facts.
As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.
The oral instruction stated that the elements of the charged offense must be proven beyond a reasonable doubt. It is in conflict with that part of the court’s written Instruction No. 1 that states that the law simply requires the jury to find the facts in accordance with the preponderance of all the evidence in the case. Nothing could be more contradictory as to the burden of proof. The general rule is that contradictory instructions are sufficient to reverse the judgment. State v. Sloan, (1899) 22 Mont. 293, 56 P. 364; State v. Keerl, (1904) 29 Mont. 508, 75 P. 362; and State v. Fuller, (1906) 34 Mont. 12, 85 P. 369. This rule should be applied in this case.
If the jury remembered the oral instructions in its deliberation and considered it along with the written instructions, it would be impossible to tell which one the jury applied to the evidence. They could assume both were correct and pick one. If they applied the written one, it would clearly be error. The giving of the preponderance instruction or allowing the jury to select between the two is erroneous and conflicting. Given this clear error, a discussion of the emphatic effect of the clearly erroneous instruction being in writing and the other partially correct instruction being oral is not necessary.
The failure of the court to properly instruct on the presumption of innocence and the burden on the State to prove the defendant guilty beyond a reasonable doubt is clear error and violates due process. The requirement of the court to instruct on the presumption of innocence and the burden of proof is fundamental in our criminal justice system. If it is not given, even though the defendant did not object, the judgment is reversible. As stated by Justice Brennen in the opinion In re Winship, 397 U.S. 358, 363:
The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence — that bedrock “axiomatic and elementar/’ principle whose “enforcement lies at the foundation of the administration of our criminal law.” Coffin v. United States, supra, at 453. As the dissenters in the New York Court of Appeals observed, and we agree, “a person *195 accused of a crime ... would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if he could be adjudged guilty and imprisoned for years on the strength of the same evidence as would suffice in a civil case.” 24 N.Y. 2d at 205, 247 N.E. 2d at 259.
The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. Accordingly, a society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt. As we said in Speiser v. Randall, supra, at 525-526: “There is always in litigation a margin of error, representing error in fact finding, which both parties must take into account. Where one party has at stake an interest of transcending value — as a criminal defendant his liberty — this margin of error is reduced as to him by the process of placing on the other party the burden of... persuading the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt. Due process commands that no man shall lose his liberty unless the Government has borne the burden of... convincing the factfinder of his guilt.” To this end, the reasonable-doubt standard is indispensable, for it “impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.” Dorsen & Rezneck, In Re Gault and the Future of Juvenile Law, 1 Family Law Quarterly, No. 4, pp. 1, 26 (1967).
Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned. It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty.
Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except *196 upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.
This Court has expanded on this doctrine. In State v. Harrison, 23 Mont. 79, 57 R 647, this Court held that in addition to an instruction on reasonable doubt there must also be an instruction on the presumption of innocence. See also State v. Williams (1979), 184 Mont. 111, 601 P.2d 1194. Harrison quotes Justice White in Coffin v. U.S., 156 U.S. 432, 15 S.Ct. 394, as follows:
The fact that the presumption of innocence is recognized as a presumption of law, and is characterized by the civilians as a presumptio juris, demonstrates that it is evidence in favor of the accused; for, in all systems of law, legal presumptions are treated as evidence giving rise to resulting proof to the full extent of their legal efficacy. Concluding, then, that the presumption of innocence is evidence in favor of the accused introduced by the law in his behalf, let us consider what is “reasonable doubt.” It is of necessity the condition of mind produced by the proof resulting from the evidence in the cause. It is a result of the proof, not the proof itself; whereas the presumption of innocence is one of the instruments of proof, going to bring about the proof, from which reasonable doubt arises; thus, one is a cause, the other an effect. To say that the one is the equivalent of the other is therefore to say that legal evidence can be excluded from the jury, and that such exclusion may be cured by instructing them correctly in regard to the method by which they are required to reach their conclusion upon the proof actually before them; in other words, that the exclusion of an important element of proof can be justified by correctly instructing as to the proof admitted. The evolution of the principle of the presumption of innocence, and its resultant, the doctrine of reasonable doubt, makes more apparent the correctness of these views, and indicates the necessity of enforcing the one, in order that the other may continue to exist. Whilst Rome and the medievalists taught that, wherever doubt existed in a criminal case, acquittal must follow, the expounders of the common law, in their devotion to human liberty and individual rights, traced this doctrine of doubt to its true origin, — the presumption of innocence, — and rested it upon this enduring basis. The inevitable tendency to obscure the results of a truth, when the truth itself is forgotten or ignored, admonishes that the protection of so vital and fundamental a principle as the presumption of innocence be not denied, when requested, to any one accused of crime.
*197 In the case before us, no instruction covering the presumption of innocence was given either orally or in writing. Even though the absence of such instruction was not objected to or brought to the court’s attention, it was clear error for the court not to give it. On the basis of the sound reasoning set forth by Justice White, in Coffin, I conclude that the failure to give an instruction on the presumption of innocence also violates Section 17 of Article II of the Constitution of the State of Montana 1972 (due process clause), and the Fourteenth Amendment to the Constitution of the United States.
I am well aware of redesignated § 46-20-701(2), MCA(1991), which was amended to read as follows:
Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. No claim alleging an error affecting jurisdictional or constitutional right may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:
(a) The right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
(b) The prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
(c) Material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence. However, the plain error doctrine was first considered and applied
by this Court in Halldorson v. Halldorson (1977), 175 Mont. 170, 573 R2d 169. This is within the Court’s constitutional prerogative under Article VII, Section 2 of the 1972 Montana Constitution, which provides in part:
Section 2. Supreme Court jurisdiction. (1) The Supreme Court has appellate jurisdiction and may issue, hear, and determine writs appropriate thereto. It has original jurisdiction to issue, hear, and determine writs of habeas corpus and such other writs as may be provided by law.
(2) It has general supervisory control over all other courts.
(3) It may make rules governing appellate procedure practice and procedure for all other courts admission to the bar and the conduct of its members. Rules of procedure shall be subject to disapproval by the legislature in either of the two sessions following promulgation.
*198 If one considers the Halldorson case to be an enunciation of a procedural rule, this would be subject to the legislative veto, and in application of the last sentence of Section 3, a disapproval by the legislature would have to occur in the 1979 or 1981 legislative session. This did not happen. But there is a more serious question as to whether or not the legislature has the right to initiate procedural rules, contrary to this Court’s decisions, as they have done here. They have essentially not disapproved the Halldorson rule, they have initiated an amended procedural rule by putting limitations upon it.
It cannot be questioned that what can be heard on appeal in a criminal case when it is not objected to in the trial court, is a procedural rule. The legislature has the power to disapprove, but it cannot initiate. The legislature, in limiting the application of the plain error doctrine in criminal cases, has usurped a function which is reserved to the judicial branch. In the specific case before us, the failure to instruct on the presumption of innocence in considering the defendant’s guilt or innocence, and the failure to instruct on the burden of proof beyond a reasonable doubt, isa violation of fundamental and substantive rights of the defendant by the government, and violates both the due process clause of the Montana Constitution and that of the United States Constitution. If such instructions are not presented by the state or the defendant, it is the duty of the trial court to so instruct. To say that we cannot consider such a fundamental and substantive violation of a defendant’s rights on appeal due to the failure to object at the trial level is the erection of procedural barriers by the legislature designed to impede the judicial function in interpreting the Constitution. I would therefore hold that § 46-20-701(2), MCA(1991), specifically violates Article VII, Section 2 of the Montana Constitution, and is a procedural barrier that the legislature cannot erect, when those procedural barriers are designed to impede the judicial function in the review and interpretation of fundamental rights as set forth in the Constitution.
I would reverse and remand for a new trial.