**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY ROBERT MEDLIN,

    Defendant - Appellant.

No. 20-7018
(D.C. No. 6:09-CR-00053-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Troy Robert Medlin appeals the district court's denial of his pro se motion seeking credit toward his federal sentence for time served in state custody pursuant to a state-court judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

In September 2009, a jury found Mr. Medlin guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm while subject to a domestic violence protective order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). In April 2010, the district court imposed concurrent sentences of 188 months for the drug offense and 120 months for the firearm offense. We affirmed on direct appeal. *United States v. Medlin*, 408 F. App'x 203, 206 (10th Cir. 2011).[1]

Before beginning his federal sentence, Mr. Medlin pleaded guilty to various charges in state court and began serving his state sentence in July 2010. Upon his release from state prison in 2018, Mr. Medlin began serving his federal sentence. In 2019, he filed a pro se motion seeking credit against his federal sentence for the time he served in state custody. The court denied the motion, noting "this request was previously addressed directly with correspondence to the Bureau of Prisons." R. Vol. 4 at 19. That correspondence indicated that the federal sentence was to run consecutive to the state sentence.[2] Mr. Medlin then filed a motion to reconsider, which the court construed as a notice of appeal.

---

[1] In 2016, the district court reduced the sentence for the drug offense from 188 months to 151 months based on a revision to the Sentencing Guidelines.

[2] Mr. Medlin attached to his motion a letter from the Bureau of Prisons ("BOP") acknowledging his request for credit for time spent in state prison and stating it would inquire of the district court whether the federal sentence was to run concurrently with the state sentence. Although that letter is the only correspondence on this subject in the record, the government attached two additional letters to its brief—one from the BOP to the district court asking whether the federal sentence was to run concurrently or consecutively to the state sentence, and an unsigned response from the court, confirming the federal sentence was to run consecutively.

2

## DISCUSSION

Mr. Medlin is pro se and therefore, "we liberally construe his filings." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). But "we will not act as his advocate." *Id.* "Our rules of appeal require appellants to sufficiently raise all issues and arguments on which they desire appellate review in their opening brief." *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (brackets and internal quotation marks omitted). "[P]ro se parties [must] follow the same rules of procedure that govern other litigants," including the rule requiring that briefs contain "more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (internal quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring briefs to explain the reasons for each contention with citations to authorities supporting each argument). "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (brackets and internal quotation marks omitted).

In his brief, Mr. Medlin contends that his federal and state charges were for the same acts and that he is entitled to credit for "time spent in state[] custody for [the] same crimes." Aplt. Opening Br. at 4. But he makes only the conclusory assertions that "the correct law was never used," *id.* at 3, and that the district court failed to apply the Federal Rules of Criminal Procedure and 18 U.S.C. § 3585(b). As with his filings in district court, his brief provides no analysis and fails to establish any

3

jurisdictional or substantive basis upon which the district court could have granted him the relief he sought.

We "will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (internal quotation marks omitted). Because Mr. Medlin has failed to adequately challenge the district court's ruling, we affirm the order denying his motion for credit for time served.

## CONCLUSION

The district court's order is affirmed. We deny Mr. Medlin's motion for leave to proceed on appeal without prepayment of costs or fees due to the lack "of a reasoned, nonfrivolous argument on the law and facts." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). The filing fees and costs are due and payable immediately.

Entered for the Court


Gregory A. Phillips
Circuit Judge

4